<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MCKAY BROTHERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF RANDOLPH, et al.<br><br>Defendants. | Civil Action No. 13-1383 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of an Order to Show Cause as to why this case is ripe for adjudication. The Court has considered the parties submissions, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff McKay Brothers, LLC ("Plaintiff")'s complaint is dismissed without prejudice to Plaintiff's right to re-file once this matter becomes ripe for review.

**I.     BACKGROUND**

On or about January 25, 2013, Plaintiff submitted an application to the Township of Randolph Planning and Zoning Office for a construction permit to install seven antennae on a lattice tower located in Randolph, New Jersey. (Compl. Ex. A.) On February 1, 2013, Plaintiff received a letter from a Zoning Officer rejecting its application "because approval from the Zoning Board of Adjustment is required." (Compl. Ex. B.) In this letter, the Zoning Officer

1

advised Plaintiff to contact the Planning and Zoning Administrator "for the necessary paperwork." (Compl. Ex. B.)

In lieu of filing an application with the Zoning Board of Adjustment, Plaintiff filed a verified complaint with this Court on March 6, 2013, along with an application for an order to show cause seeking both to preliminarily enjoin Defendants from refusing to grant Plaintiff's application for a construction permit, and to temporarily restrain Defendants from denying Plaintiff's application. Plaintiff maintains that the Zoning Officer's rejection of its application violates the Middle Class Tax Relief and Job Creation Act of 2012 (hereinafter the "Act"), *see* 47 U.S.C. § 1455(a), among other statutes.

In its submission in support of an application for an order to show cause, Plaintiff acknowledged that it has not sought approval from the Zoning Board of Adjustment because doing so would be "futile and unnecessary." (*See* Pl. Br. at 3.) Specifically, Plaintiff claims that the "Zoning Board of Adjustment is unwilling to grant [its] application regardless of the testimonial support for [its] application." (*Id.*) According to Plaintiff, the Zoning Board of Adjustment has rejected two similarly filed applications based on its "mistaken belief that the Middle Class Tax Relief Act did not apply to those applications." (*Id.*)

As a result of Plaintiff's failure to exhaust administrative remedies, this Court determined that its application for an order to show cause seeking temporary restraints and a preliminary injunction was premature. Accordingly, on March 11, 2013, this Court denied Plaintiff's application for an order to show cause, and entered an Order requiring Plaintiff to show cause why this matter is ripe for adjudication.

## II. LEGAL STANDARD

2

"Federal courts are only empowered to decide cases and controversies." *Birdman v. Office of the Governor*, 677 F.3d 167, 173 (3d Cir. 2012) (citation omitted); *see also* U.S. Const. art. III. "Ripeness is among the requirements for a case or controversy to exist." *Birdman*, 677 F.3d at 173. "The ripeness doctrine determines whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Pittsburgh Mack Sales & Serv. v. Int'l Union of Operating Eng'rs*, 580 F.3d 185, 190 (3d Cir. 2009) (citation and quotation marks omitted). "Ripeness is an issue" that courts may raise "*sua sponte* if the parties do not raise it." *Nextel Comms. Of the Mid-Atlantic, Inc. v. City of Margate*, 305 F.3d 188, 192 (3d Cir. 2002).

"Where a dispute arises under circumstances that permit administrative review . . . *final administrative determination is favored* under the ripeness doctrine." *Peachlum v. City of York*, 333 F.3d 429, 434 (3d Cir. 2003) (emphasis added). The reason for this "is to prevent the courts, 'through avoidance of premature adjudication, from entangling themselves in abstract disagreements' over administrative problems, and to enable the agency to proceed without judicial interruption until an administrative determination has been formalized." *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). "[J]udicial review is premature when an agency has yet to complete its work by arriving at a definite decision." *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529, 535 (3d Cir. 1988) (citing *Suburban Trails, Inc. v. N.J. Transit Corp.*, 800 F.2d 361, 365 (3d Cir. 1986)). "According to the Supreme Court, questions of ripeness implicate two competing concerns: the fitness of issues for judicial review and the hardship to the parties if judicial consideration is withheld." *See, e.g., Felmeister*, 856 F.2d 529, 535 (3d Cir. 1988) (citing *Abbott Labs.*, 387 U.S. at 149). In determining whether an

administrative decision is fit for judicial review, courts consider "[1] whether the agency action is final; [2] whether the issue presented for decision is one of law which requires no additional factual development; and [3] whether further administrative action is needed to clarify the agency's position." *See id.* at 535-36. Satisfying the hardship prong of the ripeness test requires a showing that the hardship be "both immediate and significant." *See id.* at 537.

### III. DISCUSSION

In determining whether this matter is ripe, the Court will address whether Plaintiff has established (1) that this matter is fit for judicial review and (2) that immediate and significant hardship will result if judicial review is withheld at this time.

#### A. Whether this Matter is Fit for Review

A consideration of each of the three factors that courts consider in deciding whether an administrative decision is fit for review compels this Court to conclude that Plaintiff has failed to satisfy the fitness prong of the ripeness test. *See, e.g., Felmeister*, 856 F.2d at 535-36.

First, the Zoning Board of Adjustment has not made any final determination on Plaintiff's application. The Zoning Officer rejected Plaintiff's initial application "because approval from the Zoning Board of Adjustment is required." (Compl. Ex. B.) Plaintiff never filed an application to the Zoning Board of Adjustment. According to Plaintiff, such an application would be futile because "[t]he Board already indicated that the Middle Class Tax Relief Act does not apply to [Plaintiff's] Application," and denied a similar application filed by a third party. (*See* Pl. Br. at 8.) Based on the record before it, the Court is not satisfied that the factual similarities between Plaintiff's application and the other applications the Zoning Board of Adjustment has denied are such that it would be futile for Plaintiff to file its application with the Zoning Board of Adjustment, as the Zoning Officer suggested in the letter rejecting Plaintiff's

4

application. (*See* Compl. Ex. B.) Additionally, without a developed administrative record, this Court cannot determine whether, or on what grounds, the Zoning Board of Adjustment would deny Plaintiff's application. The Zoning Board of Adjustment should have the opportunity to consider Plaintiff's application without premature judicial intervention. *See, e.g., Felmeister*, 856 F.2d at 535.

Second, the Court is not satisfied that "the issue presented for decision is one of law which requires no additional factual development." *Felmeister*, 856 F.2d at 535-36. Plaintiff argues that this case is fit for review because the Act "expressly preempts any state or local government zoning determinations," and requires state and local governments to approve "any request for collocation of transmission equipment on an existing wireless tower." (*See* Pl. Reply Br. at 8.) Put simply, Plaintiff's argument is that this case strictly turns on an interpretation of the Act, and that "local zoning ordinances are not the issue." (*See, e.g.,* Pl. Reply Br. at 1.) This Court disagrees.

The pertinent language of the Act reads as follows: "a State or local government may not deny, and shall approve, any eligible facilities request for a modification of an existing wireless tower or base station <u>that does not substantially change the physical dimensions of such tower or base station</u>." 47 U.S.C. § 1455(a) (emphasis added). The Federal Communications Commission ("FCC") recently issued a Notice providing guidance on the Act. In relevant part, the Notice states:

> Section 6409(a) states that a state or local government "may not deny, and shall approve, any eligible facilities request...." *It does not say that a state or local government may not require an application to be filed.* The provision that a state or local government must approve and may not deny a request to take a covered action, in the Bureau's view, implies that the relevant government entity may require the filing of an application for administrative approval.

5

*Wireless Telecommunications Bureau offers guidance on Interpretation of section 6409(a) of the Middle Class Tax Relief and Job Creation Act of 2012*, DA 12-2047, F.C.C. (Jan. 25, 2013) (emphasis added).

Even assuming that, as Plaintiff claims, the Act applies in this case,[1] there are certain questions that the Zoning Board of Adjustment would have to resolve before this case becomes fit for review. To provide just one example, the Zoning Board of Adjustment would have to determine whether the installation of the antennae would "substantially change the physical dimensions" of the lattice tower in which Plaintiff seeks to install the antennae. *See* 47 U.S.C. § 1455(a).

Third, for the reasons stated above, further agency action is needed to clarify the Zoning Board of Adjustment's position vis-à-vis Plaintiff's application. Indeed, even if the Act preempts state and local laws, as Plaintiff argues, the Act does not prohibit local government entities from requiring the filing of applications seeking administrative approval. *See Wireless Telecommunications Bureau offers Guidance on Interpretation of section 6409(a) of the Middle Class Tax Relief and Job Creation Act of 2012*, DA 12-2047, F.C.C. (Jan. 25, 2013).

B.  <u>Whether Withholding Judicial Review Will Result in Immediate and Significant Hardship</u>

Having determined that this matter is not fit for review, the Court will now turn to whether withholding review at this time would result in immediate and significant hardship to the Plaintiff. Plaintiff argues that withholding judicial review at this stage will result in "a discernible coverage gap in its telecommunications network." Plaintiff has not cited any authority supporting the proposition that such a "discernible coverage gap" would amount to an

---

[1] As Plaintiff has acknowledged, "no court of record has ever applied the Middle Class Tax Relief Act." (*See* Pl. Reply Br. at 1.) This is even more reason why the Court deems it prudent to have a fully developed administrative record before addressing novel issues of law pertaining to the Act's application to the facts of this case.

6

"immediate and significant hardship," a showing that is required to satisfy the second prong of the ripeness test. *See Felmeister*, 856 F.2d at 537.

More importantly, the burdens associated with seeking approval from land use boards are generally insufficient to create an "immediate and significant hardship," as such burdens are a normal part of "the regulatory scheme relating to land use planning." *See, e.g., Trinity Resources v. Township of Delanco*, 842 F. Supp. 782, 800 (D.N.J. 1984).[2] Allowing the record to develop at the administrative level may moot the issues that Plaintiff has sought to bring before this Court, particularly if the Zoning Board of Adjustment grants Plaintiff's application.

Having determined that this case is neither fit for review, nor that withholding review will result in immediate and significant hardship, this Court holds that this matter is not ripe for adjudication. Accordingly,

IT IS on this 12 day of April, 2013

**ORDERED** that Plaintiff's complaint is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff may re-file its complaint after exhausting its remedies before the Zoning Board of Adjustment.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge

---

[2] The Court has also considered the hardship that would result to Defendants and the public if judicial review is withheld at this juncture. *See Trinity*, 842 F. Supp. at 801 (considering hardship to defendants and the public in determining whether zoning challenge was ripe for adjudication). A decision of the Zoning Board of Adjustment that is favorable to Plaintiff would moot the issues before this Court, and avoid litigation expenses to Defendants and the public. The potential waste of judicial resources and expenses to the litigants should this litigation proceed before a final administrative decision is rendered further weighs in favor of withholding judicial review until this matter becomes ripe for adjudication. *Cf. Crestar Mortg. Corp. v. Peoples Mortg. Co.*, 818 F. Supp. 816, 821 (E.D. Pa. 1993) ("It would be both a substantial waste and an improper use of judicial resources to adjudicate a question of liability that might prove to be utterly meaningless.")